## (June 26, 1952.)

In the Matter of J. DOUGLASS SHARPE, Appellant, against KATHARINE G. BENEDICT, Respondent.

Appeals (1) from an order of the Supreme Court at Special Term, entered June 1, 1951, in New York County, which confirmed, with one exception, the report of an Official Referee, and (2) from an order of said court, entered November 21, 1951, in said county, which denied a motion by petitioner to punish respondent for contempt.

Per Curiam. These are appeals from two orders relating to the custody of petitioner's infant children. We sympathize with petitioner's concern that under the pending arrangement he may lose contact with the children and lose whatever opportunity may remain to him to regain their respect and affection. It seems quite obvious, however, that his own lack of attention to the children over a period of years is primarily responsible for the plight, although it does appear that respondent has interfered with rather than promoted the resumption of a desirable relationship between father and children.

We think that there is no warrant at present for making changes in the custody order. We note, however, that the order provides that during the coming summer vacation petitioner may, if either or both of the children are willing, take one or both of them with him for a period of two weeks. This opportunity, brief though it be, should be embraced and the children should be encouraged to avail themselves of the opportunity. The children should understand this and respondent should lend her position with the children to promote it. It would seem appropriate to add that this time should be spent in a place and under circumstances which are most conducive to developing a good relationship between father and children.

After the summer, petitioner may, if he thinks it wise, make some further application to the court with respect to the custody of the children. It is quite obvious, however, that these children are approaching an age where their own perceptions and desires as to whom they wish to live with must be given considerable weight.

The orders appealed from should be affirmed, with $20 costs and disbursements to respondent.

Peck, P. J., Callahan, Van Voorhis, Heffernan and Bergan, JJ., concur.

Orders unanimously affirmed, with $20 costs and disbursements to respondent.